# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

---

AMERICAN OIL AND SUPPLY COMPANY, Respondent, *v.* THE WESTERN GAS CONSTRUCTION COMPANY, Appellant.

First Department, April 6, 1923.

Sales — action against seller for breach of contract — agent of defendant had no authority to make binding contract of sale — contract was not made — error to set aside verdict in favor of defendant.

In an action to recover damages sustained by reason of the defendant's failure to deliver goods alleged to have been purchased from it, it was error for the court to set aside a verdict in favor of the defendant which was based on the lack of authority in the agent of the defendant to make the sale in question, since there was not such a preponderance of evidence that the agent had authority as would justify the trial court in setting aside the verdict of the jury upon that question, and furthermore the weight of the evidence fully supported the jury's verdict.

The verdict of the jury is justified on the further ground that the plaintiff failed to prove that any contract was entered into between the parties.

APPEAL by the defendant, The Western Gas Construction Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 18th day of April, 1922, granting plaintiff's motion for a new trial upon the ground that the verdict was against the weight of the evidence.

*Oudin, Kilbreth & Schackno* [*Henry G. Schackno* of counsel; *Walter J. Sweeney* with him on the brief], for the appellant.

*J. Harry Hull* of counsel, for the respondent.

MERRELL, J.:

The action is brought to recover the sum of $12,827.50 damages, which the plaintiff alleges it sustained by reason of the defendant's

failure to ship and furnish to the plaintiff 34,500 pounds of carbolic acid, which the plaintiff alleges the defendant contracted to sell and deliver to the plaintiff.

The answer of the defendant denies the material allegations of the complaint as to the making of the contract therein alleged, and as a first separate defense alleges that the agreement set forth in the complaint was barred by the Statute of Frauds. (See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.) For a second and separate defense the defendant alleges, upon information and belief, that the plaintiff was a foreign corporation doing business in this State, and that prior to the making of the alleged contract the plaintiff obtained no certificate of authority, as required by section 15 of the General Corporation Law (since amd. by Laws of 1917, chap. 594), to authorize it to do business within the State or to maintain the present action. As a third separate defense the defendant alleges that the plaintiff applied for authority to do business in the State of New York, and a certificate authorizing it to do business here was issued by the Secretary of State on or about August 15, 1916; but that the plaintiff failed and neglected to pay the Comptroller of the State the license fees prescribed by law therefor. (See Tax Law, § 181, as amd. by Laws of 1915, chap. 317; since amd. by Laws of 1917, chap. 490; Laws of 1921, chap. 705, and Laws of 1922, chap. 375.)

The plaintiff is a foreign corporation organized under the laws of the State of New Jersey. The defendant is a foreign corporation organized under the laws of the State of Indiana, and, during the times in the complaint mentioned, was engaged in business in the State of New York under due authority.

To establish its cause of action the plaintiff sought to prove that the contract in question was negotiated by a broker, one Thomas J. Parker, who died prior to the trial, and that the contract was entered into through the usual bought and sold notes. The testimony of the plaintiff was to the effect that the broker in negotiating the contract in question dealt with one Edward W. Steinmuller, sales agent for the defendant, who, it is claimed, represented the defendant at New York city, and who at the time of the trial was absent in Europe. There was introduced in evidence the sold note signed by T. J. Parker, as broker, and accepted by the plaintiff, to the effect that the broker had sold for the account of the defendant to the plaintiff the 34,500 pounds of carbolic acid, 2,000 pounds of which were sold for spot shipment at one dollar per pound, 7,500 pounds for February shipment at ninety cents per pound, and 25,000 pounds for March shipment at ninety cents per pound, F. O. B. Fort Wayne, Ind. This sold note bears date

January 31, 1916, and, as before stated, was signed by Park ㅡ, as broker, and accepted by the plaintiff through its secretary. There was also introduced in evidence by plaintiff a letter, under date of February 9, 1916, addressed to the broker and signed by Steinmuller, upon alleged stationery of the defendant, stating that the writer was returning duplicate of the contract, and asking that the same be returned with the signature of the purchaser, and stating: " The original copy duly signed has been mailed to me from Fort Wayne to-day.   On arrival we can exchange copies, etc."   Steinmuller appears to have been in error, as no copy of the contract was ever signed by defendant, nor were copies ever, in fact, exchanged.

The defendant denies that Steinmuller was authorized to negotiate the contract in question, claiming that he, at most, was merely a representative of the defendant in New York city for certain limited purposes, and had only authority to transmit propositions and offers to the home office at Fort Wayne, Ind. The evidence does not disclose that the contract or the duplicate of the sold note was ever executed by the defendant, although Steinmuller, in his said letter, stated that the original copy, duly signed, had been mailed to him on the date of the letter, February 9, 1916.   The duplicate sold note was eventually produced by the defendant and introduced in evidence by the plaintiff upon the trial, and was unsigned by the defendant.   It is the contention of the plaintiff that, the defendant having held out Steinmuller as its agent, the latter had authority to bind the defendant. Evidence was offered on the part of the plaintiff in an effort to prove Steinmuller's authority.   The testimony of O. N. Guldlin of Fort Wayne, Ind., was taken by commission.   Guldlin testified that he was consulting engineer of the defendant and resided at Fort Wayne, Ind.; that Steinmuller was employed by the defendant corporation during the years 1915 and 1916 as its agent in New York city; and that Steinmuller's duties were to promote the business of the defendant in the territory assigned to him. Guldlin testified that he was a member and a general executive officer of the board of directors and president of the defendant, and had general supervision of the business of the company, and had also such other executive duties as pertained to the office of president of the corporation, and was personally familiar with the business and current affairs of the defendant; and that while Steinmuller had authority to submit and receive propositions to and from customers preliminary to making contracts of sale, he had no authority to complete sales or make contracts until the same were submitted to the home office for approval by the executive

4  American Oil & Supply Co. *v.* Western Gas Const. Co.

First Department, April, 1923.                    [Vol. 205

officer; that Steinmuller had no authority to employ brokers to make sales or contracts of sale for the defendant; and that the broker Parker was never at any time authorized to make contracts for the defendant.  The plaintiff, in support of its contention that Steinmuller was the accredited agent and authorized to bind the defendant, relies largely upon the letterhead of the defendant used by Steinmuller in his letter to Parker of February 9, 1916, on which letterhead appear the following words:

" Sales Department

" William H. Hackney, Sales Engineer

" Edward W. Steinmuller, Sales Agent

Also, the following: " William B. Birbect, Sales Agent."

" New York Office:

" 25 Broad Street."

As before stated, the sole issue submitted to the jury by the court was as to whether Steinmuller was authorized to negotiate and bind the defendant upon the contract in suit.  The jury returned a verdict in favor of the defendant, which was set aside by the trial court in the order appealed from.  I think the order appealed from was wrong, and that the same should be reversed. Even though Steinmuller, for certain purposes, may have been authorized to act as the agent for the defendant, the record upon appeal does not, in our opinion, show such a preponderance of evidence as justified the trial court in setting aside the verdict of the jury upon the question submitted.  We think the weight of the evidence fully supported the jury's verdict.

Moreover, we think the verdict of the jury in defendant's favor was justified because of plaintiff's failure to prove any contract. The evidence fails to disclose that the defendant ever signed the contract in suit.  As showing that no contract was ever consummated between the parties, as late as February 8, 1916, Parker, the broker, wrote Steinmuller that he had not as yet received the contract notes covering the purchase in question and asking that the same be promptly forwarded; also stating that it was understood that the same included one per cent brokerage to him to be paid by the defendant.  The matter of such brokerage commission seems never to have been considered by the parties. The evidence further shows that the plaintiff insisted that the acid be shipped in iron drums instead of cans, the broker writing Steinmuller on February 1, 1916, that the consignee could not take the product in cans and must have it in drums.  Evidence was given on the part of the defense that it was impracticable to ship the commodity in iron drums; and that the same could not be

thus shipped without deterioration; and that when the acid arrived it would not be up to standard. Defendant never acceded to plaintiff's requirement in this respect. All this goes to show that there was no final meeting of the minds of the parties upon the terms of the contract proposed by Parker, as broker, and defendant never, in fact, signed any contract.

Beyond the question as to the weight of evidence upon the authority of Steinmuller to bind the defendant, the evidence clearly shows that he never did bind the defendant, and that there was never any meeting of the minds of the parties and no contract ever actually made. Therefore, the court should have dismissed the plaintiff's complaint upon defendant's motion made at the close of plaintiff's case and at the close of the entire evidence.

The order appealed from should be reversed and the verdict for defendant reinstated, with costs.

DOWLING, SMITH, FINCH and McAVOY, JJ., concur.

Order reversed and verdict reinstated, with costs.